## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

NICHOLAS ROGERS                                        PETITIONER

V.                              NO. 5:14CV00379 JM/JTR

JOHN KEARNEY, Pine Bluff
District Court Judge; KYLE HUNTER,
Prosecuting Attorney, State of Arkansas;
BERLIN C. JONES, Jefferson County
Circuit Judge; and GREG BOLIN,
Administrator, W.C. "Dub" Brassell
Detention Center                                    RESPONDENTS


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge James M. Moody, Jr. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

On October 17, 2014, Petitioner, Nicholas Rogers, filed this *pro se* Petition for Writ of Habeas Corpus.[1] *Doc. 1*. He did not pay the filing fee or move for leave to proceed *in forma pauperis*, and his Petition did not contain sufficient information for the Court to determine if his action should be allowed to proceed.

On October 24, 2014, this Court entered an Order directing Petitioner to correct these deficiencies if he wished to continue with this action, and provided him with the necessary forms. *Doc. 2*. Specifically, the Court ordered him to, on or before November 21, 2014: (1) either pay the $5.00 filing fee in full, or file a properly completed Application to Proceed Without Prepayment of Fees and Affidavit; and (2) file with the Court a completed and signed 28 U.S.C. § 2254 Petition on the standard habeas form. *See* Rules Governing § 2254 Cases in United States District Courts, Rule 3(a) (habeas petition "must be accompanied" by filing fee or motion to proceed *in forma pauperis*, along with the necessary affidavits); § 2254 Rule 2(d) (federal habeas petition "must substantially follow" standard § 2254 form).

The Court's Order advised Petitioner that, if he failed to timely and fully comply with the instructions, his habeas action could be dismissed without prejudice.

---

[1]Petitioner alleges that he is being held unlawfully "based on an information ... accusing [him] of felony offenses," without being served with an arrest warrant or an order of commitment, and without having a court hearing. *Doc. 1, at 2-3*.

The Clerk of the Court certified mailing the October 24, 2014 Order to Petitioner at the last address provided, and it was not returned as undelivered.

The deadline for responding has expired, and Petitioner has not filed anything with this Court.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE for failure to comply with Local Rule 5.5(c)(2),[2] failure to respond to the Court's Order, and failure to prosecute the action diligently.[3] IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); § 2254 Rule 11(a).

---

[2]Rule 5.5(c)(2), of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

[3]*See* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

DATED THIS 2nd DAY OF December, 2014.

_____

UNITED STATES MAGISTRATE JUDGE